

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-25-00373-CV
_____

NEXT LEVEL AUTOMOTIVE, LLC, APPELLANT

V.

ALLIED SOLUTIONS, LLC, APPELLEE

On Appeal from the Tarrant County Court at Law No. 1
Tarrant County, Texas[1]
Trial Court No. 2024-004794-1, Honorable Don Pierson, Presiding

August 12, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Next Level Automotive, LLC, appeals a no-answer default judgment against it and obtained by Appellee Allied Solutions, LLC. Appellant claims the trial court

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. TEX. GOV'T CODE § 73.001. Where there is a conflict with the precedent of this Court, this appeal has been decided in accordance with the precedent of the Second Court of Appeals. TEX. R. APP. P. 41.3; *Mitschke v. Borromeo*, 645 S.W.3d 251, 254 (Tex. 2022).

improperly granted the judgment because Appellee failed to properly effect service of process. We reverse and remand.

**BACKGROUND**

On January 16, 2025, Appellee filed *Plaintiff's First Amended Petition* against Appellant and Dejanique Deshay Hodges for breach of contract, foreclosure of security interest, and conversion related to a *Consumer Loan and Security Agreement* for the purchase of a vehicle. Based on the record, citation and a writ of sequestration were issued against Appellant on February 10, 2025, and against Hodges on February 14, 2025. The record contains an *Officer's Return of Service* filed May 1, 2025, indicating Hodges was not served. The record does not contain a similar return regarding service or attempts of service of Appellant. Based on the record, neither Appellant nor Hodges filed an answer.

On July 21, 2025, Appellee filed its *Motion for Entry of Default Judgment*, representing to the trial court that Appellant was duly served with citation and the officer's return was on file as required by law. Proof of this allegation was not attached to the motion itself. However, on August 7, 2025, a *Citation Return (Amended)* was filed into the case, indicating that a "Writ came to hand on 10/14/2024" and "returned to court on 10/31/2024." The signature is dated August 6, 2025. On its face, this return references "Sequestration Tracking," but it does not include any attachments or a description of what was served outside a reference to "Writ" and the sequestration tracking number. The trial court entered a default judgment against Appellant on September 18, 2025.

On October 14, 2025, Appellant's corporate representative, Brandon Stewart, filed its *Motion to Set Aside Default Judgment and Notice of Hearing*. The trial court did not rule on this motion, so the motion was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). On October 17, 2025, Appellant timely filed its *Notice of Appeal* and brief. Appellee did not favor us with a brief.

By this appeal, Appellant argues the trial court erred by finding that Appellant received proper notice of this lawsuit. Thus, it did not answer and was not able to present its case. Appellant argues the default judgment should be set aside. We agree.

## STANDARD OF REVIEW AND APPLICABLE LAW

Whether service strictly complied with the rules is a question of law reviewed de novo. *In re B.S.*, No. 02-20-00382-CV, 2022 Tex. App. LEXIS 80, at *6 (Tex. App.—Fort Worth Jan. 6, 2022, no pet.) (mem. op.). Default judgments are greatly disfavored under Texas law, consistent with the strong policy preference for adjudicating cases on the merits. *Tabakman v. Tabakman*, 728 S.W.3d 703, 707 (Tex. 2025) (citing *In re Lakeside Resort JV, LLC*, 689 S.W.3d 916, 921, 925 (Tex. 2024) (orig. proceeding)). A trial court lacks personal jurisdiction over a defendant who was not properly served with process. *Spanton v. Bellah*, 612 S.W.3d 314, 316 (Tex. 2020) (per curiam); *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990) ("[J]urisdiction is dependent upon citation issued and served in a manner provided for by law."); TEX. R. CIV. P. 124.

Because no-answer default judgments are disfavored and courts lack jurisdiction over defendants who were not properly served with process, a default judgment cannot stand when the defendant was not served in strict compliance with the applicable

3

requirements. *Spanton*, 612 S.W.3d at 316. We indulge no presumptions in favor of valid issuance, service, or return of citation. *Id*. The party requesting service bears the responsibility of ensuring that the record affirmatively shows strict compliance, and a failure to do so renders the attempted service of process invalid and of no effect. *Garcia v. Ennis*, 554 S.W.3d 209, 213 (Tex. App.—Fort Worth 2018, no pet.). Accordingly, any doubts about a default judgment—not just doubts about service—must be resolved against the party who secured the default. *Tabakman*, 728 S.W.3d at 708.

To set aside the default judgment here, Appellant must satisfy the three-factor standard established in *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939). However, when a party receives no notice of a trial setting, he satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial. *Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam); *In re K.B.A.*, 145 S.W.3d 685, 692 (Tex. App.—Fort Worth 2004, no pet.). A party challenging a trial court's judgment for lack of notice has the burden of proving there was no notice and must produce evidence in addition to an allegation in a motion for new trial. *In re D.K.*, No. 02-09-00117-CV, 2009 Tex. App. LEXIS 9945, at *6 (Tex. App.—Fort Worth Dec. 31, 2009, no pet.) (mem. op.).

## ANALYSIS

Here, the record presents proof of serious service deficiencies. First, the *Citation Return (Amended)* does not affirmatively demonstrate proper service of the underlying petition and citation on Appellant. On its face, the purported return references "Sequestration Tracking" and appears to relate to a writ of sequestration and not a

4

petition.  The amended return does not affirmatively show that Appellant was personally served with the citation and petition for the case.  There is no mention of the petition in the description of what was served.  The record contains no original return of service on file prior to the motion for default judgment, and the motion itself merely represented that service had been accomplished.

Additionally, the dates of the provided return also create a defect in service.  The dates recited on the face of the return for receipt and return occur nearly four months prior to the dates in the record indicating citation was issued.  Then, nearly ten months after the citation "came to hand," the return was signed on August 6, 2025.  This creates a chronological inconsistency on the face of the record.  We cannot reconcile the timeline of a return claiming receipt of citation from the court clerk four months prior to the clerk's issuance of the same.  Texas courts have held that a reviewing court cannot ignore temporal references in a citation's return that are nonsensical and incapable of reconciliation.  *See Pirate Oilfield Servs., Inc. v. Cunningham*, 631 S.W.3d 421, 431 (Tex. App.—Eastland 2021, no pet.) (discussing Texas caselaw regarding defects in dates contained in return of service as fatal defects in service).  Here, the record does not show strict compliance with the rules regarding issuance, service, and return of citation, so the trial court had no jurisdiction over Appellant at the time the default judgment was signed.

With no evidence of proper service, Appellant satisfies the first prong of *Craddock* and does not have to meet the remaining prongs of the test to be entitled to a new trial.  *See Mathis*, 166 S.W.3d at 744.  Accordingly, we sustain Appellant's issue.

**CONCLUSION**

We reverse the judgment of the trial court and remand this matter for a new trial.


Laura A. W. Pratt
Justice